# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

SARAH PURDY,

    Plaintiff,

v.

RICHLAND HOLDINGS, INC., d/b/a ACCTCORP OF SOUTHERN NEVADA,

    Defendant.

Case No. 2:11-cv-00211-LDG (PAL)

**ORDER**

       The plaintiff, Sarah Purdy, alleges that the defendant, Richland Holdings, Inc. (d/b/a Acctcorp of Southern Nevada, telephonically contacted her at her place of employment, did not disclose that it was a debt collector, demanded payment of a consumer debt, and demanded payment of an additional $50 to remove the transaction from her credit report. Richland Holdings moves to dismiss (#6).  Purdy opposes the motion (#7).  The Court will grant the motion in part and deny it in part.

<u>Motion to Dismiss</u>

       The defendant's motion to dismiss, brought pursuant to Fed. R. Civ. P. 12(b)(6), challenges whether the plaintiff's complaint states "a claim upon which relief can be granted."  In ruling upon this motion, the court is governed by the relaxed requirement of

Rule 8(a)(2) that the complaint need contain only "a short and plain statement of the claim showing that the pleader is entitled to relief." As summarized by the Supreme Court, a plaintiff must allege sufficient factual matter, accepted as true, "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Nevertheless, while a complaint "does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.*, at 555 (citations omitted). In deciding whether the factual allegations state a claim, the court accepts those allegations as true, as "Rule 12(b)(6) does not countenance . . . dismissals based on a judge's disbelief of a complaint's factual allegations." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). Further, the court "construe[s] the pleadings in the light most favorable to the nonmoving party." *Outdoor Media Group, Inc. v. City of Beaumont*, 506 F3.d 895, 900 (9th Cir. 2007).

However, bare, conclusory allegations, including legal allegations couched as factual, are not entitled to be assumed to be true. *Twombly*, 550 U.S. at 555. "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal* 556 U.S. ___, 129 S.Ct. 1937, 1949 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.,* at 1950. Thus, this court considers the conclusory statements in a complaint pursuant to their factual context.

To be plausible on its face, a claim must be more than merely possible or conceivable. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'show[n]'–'that the pleader is entitled to relief." *Id.*, (citing Fed. R. Civ. Proc. 8(a)(2)). Rather, the factual allegations must push the claim "across the line from conceivable to plausible." *Twombly.*

2

550 U.S. at 570.  Thus, allegations that are consistent with a claim, but that are more likely explained by lawful behavior, do not plausibly establish a claim.  *Id.*, at 567.

<u>Violation of 15 U.S.C. 1692c(a)(3)</u>

Section 1692c(a)(3) of the Fair Debt Collection Practices Act provides:

> Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt–
>
> ...
> (3) at the consumer's place of employment if the debt collector knows or has reason to know that the consumer's employer prohibits the consumer from receiving such communication.

Richland Holdings argues that this portion of Purdy's First Claim[1] for relief must be dismissed because she has not alleged that Richland Holdings knew or had reason to know that her employer prohibited her from receiving a communication in connection with the collection of a debt.  Without citing to any allegation in her complaint, Purdy responds that she alleged that defendant should have known her employer prohibited such communications with her because the communication utilized the services and equipment of her employer.

The complaint does, indeed, allege that the telephone call did use the telephone services of plaintiff's employer.  Absent from Purdy's response, however, is any argument or citation to any legal authority by which the court could construe as "plausible" (much less conceivable) the inference that a debt collector would know (or have reason to know) that an employer prohibited the consumer/employee from receiving a telephone call in

---

[1] In her complaint, Purdy alleges two distinct violations of the Fair Debt Collection Practices Act that rely upon different provisions in her first claim for relief.  Rule 10 provides that "[i]f doing so would promote clarity, each claim founded on a separate transaction or occurrence–and each defense other than a denial--must be stated in a separate count or defense."  Given the distinct nature of the two different violations, the Court would suggest that clarity would have been promoted by alleging the violation of §1692c(a)(3) and the violation of §1692e in separate counts.

3

connection with a debt collection merely because the employer provides the telephone services at the place of employment that would be used to communicate with the consumer at the place of employment.  As Purdy failed to allege any fact that could even conceivably support an inference that Richland Holdings knew or should have known that Purdy's employer prohibited her from receiving a telephone call in connection with a debt collection, the Court must dismiss this part of the first claim for relief, though it will do so without prejudice.

Violation of 15 U.S.C. §1692e(11)

Section 1692e prohibits debt collectors from using any false, deceptive, or misleading representation in connection with the collection of any debt.  Subparagraph (11) identifies, as conduct in violation of this provision, "the failure to disclose in subsequent communications that the communication is from a debt collector. . . ."

Richland Holdings argues that the Ninth Circuit has adopted the "least sophisticated consumer" test in determining whether a violation of §1692e has occurred.  *See, Donohue v. Quick Collect, Inc.*, 592 F.3d 1027, 1030 (9th Cir. 2010).  In *Donohue*, the Ninth Circuit went on to recognize that "false but non-material representations are not likely to mislead the least sophisticated consumer and therefore are not actionable under [§1692e]."  *Id.*, at 1034.  Richland Holdings points out that, while Purdy alleges in ¶33 that it "violated the FDCPA by failing to notify the PLAINTIFF that DEFENDANTS are attempting to collect a debt", she also alleges in ¶21 that during the telephone call, "DEFENDANTS demanded payment of a consumer debt."  Richland Holdings argues that Purdy's allegation that Richland Holdings attempted to collect a debt indicated that its communication was not likely to mislead the least sophisticated consumer that the communication was an attempt to collect a debt.

Purdy responds that Richland Holdings failed to comply with §1692e because Richland Holdings failed to specifically communicate to her that the telephone call was

4

from a debt collector. Purdy argues that the position of Richland Holdings "runs completely afoul of the clear statutory language of 15 U.S.C. §1692e(11).

Initially, the Court would note that Purdy relies upon the following language in subparagraph (11): "the failure to disclose in subsequent communications that the communication is from a debt collector." The first portion of (11) states: "The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose . . . ." Absent from Purdy's complaint is any allegation that the telephone call at issue was a "subsequent communication" rather than an "initial communication."

Assuming that the telephone communication was a subsequent communication (given that Richland Holdings has not argued otherwise in moving to dismiss), Purdy has alleged facts requiring dismissal of her claim (as to this violation) with prejudice. A violation of §1962e occurs if the communication, as perceived from the vantage of the least sophisticated consumer, was misleading. Purdy is arguing that Richland Holdings failed to specifically identify that the call was from a debt collector. As such, she must allege facts permitting the plausible inference that Richland Holdings' failure to disclose that the call was from a debt collector would mislead the least sophisticated consumer as to whether the call was from a debt collector. Purdy alleges that Richland Holdings made the call in an attempt to collect a consumer debt. The first portion of subparagraph (11) strongly suggests that such a communication is adequate to disclose that the communication is from a debt collector. Subparagraph (11) begins by referring to the initial communication, which requires the debt collector to disclose that the debt collector is attempting to collect a debt. The first portion regarding the initial communication does not, however, require the debt collector to disclose that it is a debt collector. This would suggest that the disclosure of an attempt to collect a debt is sufficient to inform the least sophisticated consumer that

the communication is from a debt collector. Purdy has not alleged or argued that she was misled as to whether the telephone communication was from a debt collector. She has not alleged or argued that a least sophisticated consumer, having received a telephone call attempting to collect a debt, would be misled that the communication was from a debt collector.[2] Accordingly, the Court will dismiss this portion of the first claim with prejudice, as Purdy has alleged facts precluding an inference that the least sophisticated consumer would be materially misled by the alleged failure of Richland Holdings to disclose, in the telephone call at issue, that it was a debt collector.

Second and Third Claims for Relief

In her second claim for relief, Purdy alleges that Richland Holdings violated 15 U.S.C. §1692f(1) and §1692e(2)(B) of the Fair Debt Collections Act by "demanding" an additional $50 to have the transaction with Richland Holdings removed from Purdy's credit report with certain consumer reporting agencies. In her third claim for relief, Purdy alleges that Richland Holdings violated provisions of Nevada's Deceptive Trade Practices Act, Nev. Rev. Stat. 598, by making a false or misleading statement of fact concerning the price of goods or services for sale or lease or knowingly making any other false representation in a transaction.

Richland Holdings asserts that Purdy's second claim for relief must be dismissed because a "least sophisticated consumer" would understand that the additional $50

---

[2] Purdy does argue that it is "possible" that the telephone call was from the creditor rather than the debt collector. The argument fails for two reasons. First, under *Twombly*, a possibility is insufficient; rather, Purdy had the obligation to allege facts making it plausible to conclude that a least sophisticated consumer was misled into believing the telephone call was from a creditor. Second, Purdy's reliance upon the distinction between "creditor" and "debt collector" requires a recognition that a debt collector does not include any person attempting to collect a debt that is not in default. Stated otherwise, for Purdy to maintain her claim against Richland Holdings as a debt collector, she must allege facts showing that Richland Holdings was attempting to collect a debt that was in default. Absent from her complaint, however, is any allegation that the communication from Richland Holdings to her was an attempt to collect a debt that was in default.

payment was a $50 charge for removal of negative credit reporting "if Plaintiff so desired." The defendant also argues, however, that Purdy's third claim for relief must be dismissed because there is "no indication that Defendant was attempting to sell any goods or services."

As noted by Purdy, her claims are in the alternative. Either Richland Holdings improperly demanded an additional amount of money owed, or it attempted to engage in a transaction selling goods or services. Richland Holdings cannot obtain dismissal of Purdy's second claim by arguing that the least sophisticated consumer would recognize the demand as an offer for a service, which the plaintiff was free to reject, and then argue that the third claim must be dismissed because the demand was not an offer for a service.

Accordingly,

THE COURT **ORDERS** that Defendant's Motion to Dismiss (#6) is GRANTED without prejudice as to that portion of Plaintiff's First Claim which rests upon the alleged violation of 15 U.S.C. 1692c(a)(3), is GRANTED with prejudice as to that portion of Plaintiff's First Claim which rests upon the alleged violation of violation of 15 U.S.C. §1692e(11), and is DENIED as to Plaintiff's Second and Third Claims.

DATED this ____ day of March, 2012.

_____
Lloyd D. George
United States District Judge

7