# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

SARAH PURDY,

    Plaintiff,

v.

RICHLAND HOLDINGS,

    Defendant.

Case No. 2:11-cv-00211-LDG (CWH)

**ORDER**

The plaintiff, Sarah Purdy, seeks certification of a class pursuant to Fed. R. Civ. Pro. 23 (#42). She suggests, as the proposed class, those:

> consumers with Nevada addresses who, within one year prior to the filing of this action, were contacted by the Defendant, and demand was made by the Defendant for the consumer to pay any additional amount incidental to the principal obligation to remove or delete consumer debts from the consumer's credit reports.

Fed. R. Civ. Pro. 23(c)(1)(A) provides that "the court must determine by order whether to certify the action as a class action" "[a]t an early practicable time after a person sues or is sued as a class representative." This court "must conduct a 'rigorous analysis' to determine whether the party seeking certification has met the prerequisites of Rule 23." *Zinser v. Accufix Research Inst., Inc.*, 253 F.3d 1180, 1186 (9th Cir. 2001).

The specific requirements of a class action as set forth in Fed. R. Civ. Pro., Rule 23(a) are:

> (a) Prerequisites. One or more members of a class may sue or be sued as representative parties on behalf of all members only if:
>
> (1) the class is so numerous that joinder of all members is impracticable;
>
> (2) there are questions of law or fact common to the class;
>
> (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
>
> (4) the representative parties will fairly and adequately protect the interests of the class.

The requirement of Fed. R. Civ. Pro., Rule 23(b) for which plaintiff argues this action qualifies is:

> (b) Types of Class Actions. A class action may be maintained if Rule 23(a) is satisfied and if:
> . . .
> (3) the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. . . .

As indicated, all of the prerequisites in Fed. R. Civ. Pro. 23(a) must be found and only one of prerequisites in Fed. R. Civ. Pro., Rule 23(b) must be found. The plaintiff argues that this case meets all the prerequisites of Fed. R. Civ. Pro., Rule 23(a) and the prerequisite of Fed. R. Civ. Pro., Rule 23(b)(3). The defendant disagrees.

**Fed. R. Civ. Pro., Rule 23(a)(1) — Numerosity**

In order to meet the first element of Fed. R. Civ. Pro. 23(a), the purported class must be so numerous that joinder is impractical. "[I]mpracticability does not mean impossibility, but only the difficulty or inconvenience of joining all members of the class." *Harris v. Palm Springs Alpine Est., Inc.,* 329 F.2d 909, 913-14 (9th Cir. 1964), citing *Advert. Specialty Nat.*

*Assn. v. FTC,* 238 F.2d 108, 119 (1st Cir. 1956); *see also Robidoux v. Celani*, 987 F.2d 931, 935 (2d Cir. 1993).

Generally, courts will find the numerosity prong has been met when there are at least 40 class members. *Monaco v. Stone*, 87 F.R.D. 50 (E.D.N.Y. 1999). Classes with fewer known class members as exist here have been certified. See *Horn v. Associated Wholesale Grocers, Inc.*, 555 F.2d 270, 275 (10th Cir. 1977) (41-46 class members); *Cross v. National Trust Life Ins. Co.*, 553 F.2d 1026 (6th Cir. 1977) (7 class members); *Afro American Patrolmen's League v. Duck*, 503 F.2d 294, 298 (6th Cir. 1974) (35 class members); *Jack v. American Linen Supply Co.*, 498 F.2d 122, 124 (5th Cir. 1974) 51 class members); *Arkansas Education Ass'n v. Board of Education*, 446 F.2d 763, 765 (8th Cir. 1971) (20 class members); and *Cypress v. Newport News Hospital Ass'n*, 375 F.2d 648, 653 (4th Cir. 1967) (18 class members). Generally, numbers in excess of 100, sustain the numerosity requirement under FRCP 23(a)(1). Newberg, Class Actions § 3.05 at 3-25; *see also* 3B Moore's Federal Practice P 23.05[1] at 23-143-45 (2d ed. 1995).

**Fed. R. Civ. Pro., Rule 23(a)(2) — Commonality**

Fed. R. Civ. Pro. 23(a)(2) requires "questions of law or fact common to the class."

All questions of law and fact need not be common. *Hanlon v. Chrysler Corp.,* 150 F.3d 1011, 1019 (9th Cir. 1998). Rather, "[t]he existence of shared legal issues with divergent factual predicates is sufficient, as is a common core of salient facts coupled with disparate legal remedies within the class." *Id.*; *see also Parra v. Bashas', Inc.*, 536 F.3d 975 (9th Cir. 2008); *Staton v. Boeing Co.,* 327 F.3d 938, 953 (9th Cir. 2003); and, *Bafus v. Aspen Realty, Inc*., 236 F.R.D. 652, 656 (D. Idaho 2006).

The Ninth Circuit construes the commonality prerequisite permissibly. *Hanlon*, supra., 150 F.3d at1019. In *Staton*, supra. 329 F.3d at 953, the court said:

> All questions of fact and law need not be common to satisfy the rule. The existence of shared legal issues with divergent factual predicates is sufficient,

as is a common core of salient facts coupled with disparate legal remedies within the class.

**Fed. R. Civ. Pro., Rule 23(a)(3) — Typicality**

Fed. R. Civ. Pro., Rule 23(a)(3) requires that the claims of the representative plaintiffs be typical of those of the class. The claims or defenses must be typical of the claims or defenses of the class. The foremost consideration is that there is an absence of an adverse interest between the representative parties and other members of the class. *Tidwell v. Schweiker,* 677 F.2d 560, 566 (7th Cir. 1982), *cert. denied,* 461 U.S. 905 (1983); *Blake v. Arnett,* 663 F.2d 906, 913 (9th Cir. 1981).

"Although some inquiry into the substance of a case may be necessary to ascertain satisfaction of the commonality and typicality requirements of Rule 23(a), it is improper to advance a decision on the merits to the class certification stage." *Staton v. Boeing Co.*, 327 F.3d 938, 954 (9th Cir. 2003), quoting *Moore v. Hughes Helicopters, Inc.*, 708 F.2d 475, 480 (9th Cir. 1983).

"Typicality 'does not mean that the claims of the class representative[s] must be identical or substantially identical to those of the absent class members.'" *Staton*, supra., 327 F.3d at 957 (citations omitted); *see also Parra*, supra. 536 F.3d at 979 (finding that if the cause of the damage is the same than that is enough for class certification.)

**Fed. R. Civ. Pro., Rule 23(a)(4) — Adequacy**

The representative plaintiff must be able to fairly and adequately protect the interests of all class members. To determine whether the representation meets this standard, we ask two questions: (1) Does the representative plaintiff and her counsel have any conflicts of interest with other class members, and (2) will the representative plaintiff and her counsel prosecute this action vigorously on behalf of the class? *Staton v. Boeing Co.* at 957.

4

**<u>Fed. R. Civ. Pro., Rule 23(b)(3) – Predominance and Superiority</u>**

Plaintiff is petitioning for class certification under Fed. R. Civ. Pro., Rule 23(b)(3) in which the court must find that the questions of law and fact common to the members of the class predominate over any questions only affecting individual members and that a class action is superior to other methods of adjudication. The Rule states that the matters pertinent to these findings include:

(A)  the class members' interests in individually controlling the prosecution or defense of separate actions;

(B)  the extent and nature of any litigation concerning the controversy already begun by or against class members;

(C)  the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and

(D)  the likely difficulties in managing a class action.

**<u>Fed. R. Civ. Pro., Rule 23(g) – Appointment of Class Counsel</u>**

Pursuant to Fed. R. Civ. Pro., Rule 23(g), when a court certifies a class the court must appoint class counsel.  Fed. R. Civ. Pro., Rule 23(g)(1)(A) provides in appointing class counsel the court must consider:

(A)  the work counsel has done in identifying or investigating potential claims in the action;

(B)  counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;

(C)  counsel's knowledge of the applicable law; and

(D)  the resources that counsel will commit to representing the class.

Purdy filed this action in February 2011.  In January 2013, she sought to consolidate this matter with another suit she subsequently brought against Richland Holdings, and

which motion the Court denied.  No further action was taken in this matter until January 2015, when the parties submitted a joint discovery plan initially agreeing to complete all discovery by July 1, 2015.  The parties subsequently stipulated to extending the discovery cut-off to September 29, 2015.  Purdy filed her instant motion for class certification in August 2015.  During a hearing on Purdy's several Motions to Compel, the Court extended the discovery cut-off until October 30, 2015.

In support of her numerosity argument, Purdy argues that she alleged the defendant solicited a fee from her in exchange for deletion of information from her credit reports.  She further asserts that the defendant does not dispute soliciting or collecting such fees from her or other Nevada customers.  However, in support of this assertion, she cites only to the defendant's responses to her Requests For Admissions 11-16.  As to each of these Requests, the defendant responded that "Defendant cannot admit or deny as the identify [sic] of the 'Plaintiff' referenced in the admission is unclear."  Purdy further asserts that the "Defendant testified at deposition that the number of potential class members *who were charged* a fee for deletion of information from credit reports is capable of determination from Defendant's records" (emphasis added).  In support, she cites to the four portions of the deposition of Paul Liggio.  The first, at page 39, lines 1-9, provides as follows:

> Q: Can you estimate for me how many credit deletions your company performed in 2010?
>
> A: I would have no idea.
>
> Q: Is there somebody at your company that would know that?
>
> A: No.
>
> Q Is that information contained within the Debt Master Software?
>
> A: I don't know.

Purdy next references page 43, lines 8-16:

6

1 | Q: What is your understanding of how many consumers you have collected a fee
2 | from to issue a deletion?
3 | . . .
4 | A: I have no idea.
5 | Q: How would you find that out, if you wanted to?
6 | A: I don't even know how to do that.

7 She then references page 48, lines 8-15:

8 | Q: Between 2008 and 2012, how many payments, just the number of payments,
9 | did your company take from consumers to delete credit reporting?
10 | . . .
11 | A: I don't know. I have no idea and we stopped in 2011.

12 Finally, Purdy cites to page 68, lines 3-9:

13 | Q: Did you or anyone else with the company attempt to generate a report from
14 | the database reflecting payments for fees for the deletion of credit reporting?
15 | . . .
16 | A: Not to the best of my knowledge.

17 None of the cited portions of Liggio's deposition support the assertion that the number of
18 potential class members charged a fee for deletion of information is capable of
19 determination from the defendant's records. Further, Purdy has not limited the proposed
20 class to consumers who (unlike her) paid the alleged fee for deletion of information.
21 Rather, she suggests that the proposed class consists of all consumers upon whom the
22 defendant made a demand for the alleged fee. Purdy has not provided any indication as to
23 whether all members of the proposed class (all those upon whom the demand was made)
24 can be readily identified, rather than the subset of the proposed class (those who made a
25 payment, presuming such payment was made in response to a demand) to which she has
26 directed her arguments in her motion to certify.

7

In the instant motion, Purdy argued that the defendant had refused to respond to discovery regarding the number of potential class members, and that such failure was the subject of a then-pending Motion to Compel. She further indicated that she would supplement the instant motion regarding numerosity upon the granting of the Motion to Compel. The magistrate judge heard Purdy's motion and granted it as stated on the record during the hearing, granting the plaintiff an additional five interrogatories.

A review of the record indicates that Purdy has not supplemented the instant motion regarding numerosity.

In light of the sparse record regarding numerosity and Purdy's failure to supplement her motion as she indicated she would, the Court can only speculate as to whether all members of the proposed class (those upon whom a demand was made) can be readily identified and receive notice, and whether the number of class members is sufficiently numerous as to support certification of this matter as a class action.

The Court would also note an additional concern regarding Purdy's proposed class counsel. In her declaration in support of her motion, Purdy declares that she is not related to her attorneys. While, by strict construction, Purdy's relationship to her attorneys may be limited to their representation of her, she also does not dispute that:

a)   she is employed by a debt collection agency that is a competitor to the defendant; and

b)   she elected to retain, as proposed class counsel, the same attorneys who represent her employer.

Further, the plaintiff's complaint concerns an alleged improper debt collection practice by the defendant. The plaintiff's employment by a debt collector does not, by itself, establish that her interests are antagonistic to the members of the class in a matter concerning an alleged improper debt collection practice. However, Purdy has additionally elected to retain, as her counsel, her employer's attorneys, raising the specter whether her interests

are antagonistic to those of the class.  That is, the nature of the relationship between plaintiff, employer, employer's business, and the issues raised in this lawsuit certainly raises a significant concern whether counsel has a conflict of interest in representing the proposed class, and whether any potential conflict of interest can be waived by Purdy on behalf of the class.

Accordingly,

THE COURT **ORDERS** that Plaintiff's Motion for Class Certification (#42) is DENIED.

DATED this __14__ day of March, 2016.

Lloyd D. George
United States District Judge